UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No: 1:08-CR-93 |
| v. ) | |
| ) | |
| LEKELFORD BOHANON. ) | Chief District Judge Curtis L. Collier |
| ) | |

**MEMORANDUM**

Before the Court is Defendant's motion to suppress evidence seized as the result of a traffic stop (Court File No. 9). The Court referred the motion to United States Magistrate Judge Susan K. Lee pursuant to 28 U.S.C. § 636(b)(1) (Court File No. 10). Judge Lee held a hearing and issued a Report and Recommendations (Court File No. 17). The Government filed a notice of no objections (Court File No. 18) and Defendant filed timely objections (Court File No. 19) to the Report and Recommendations.[1] For the following reasons, the Court will **ACCEPT** and **ADOPT** the Report and Recommendations. Defendant's motion to suppress will be **GRANTED IN PART** and **DENIED IN PART**.

**I.     RELEVANT FACTS**

The Court incorporates the magistrate judge's recitation of the facts, to which objections have not been made (Court File No. 17, pp. 1-16), and only recounts the facts underlying the issues addressed in this Memorandum. On April 10, 2008, Defendant Lekelford Bohanon ("Bohanon") was stopped for speeding on Interstate 24 by Agent Mike Patterson ("Patterson") of the Tenth

---

[1]The Government filed a late response to Defendant's objections (Court File No. 20).

Judicial Drug Task Force. Patterson approached the vehicle on the passenger's side and put his head through the passenger window to hear Defendant. In doing so, Patterson detected the odor of marijuana in the vehicle.[2] Patterson returned to his vehicle and called Blue Lightning Operations Center ("BLOC") to run Defendant's name and license. He learned Defendant had a prior arrest for fleeing, assault, and narcotics charges. He did not determine how these charges were resolved, however, as the BLOC agent reported having computer problems and said he would call Patterson back. Patterson made a radio call for backup and asked Defendant to step out of the vehicle. At this point, Patterson believed he had probable cause to search the vehicle based on the odor of marijuana, but he requested consent to search the vehicle anyway, which Defendant denied.

Patterson then asked permission to conduct a pat-down because he was concerned Defendant had a weapon based on Patterson's earlier observation of Defendant's left hand near a door compartment that could conceal a weapon as he exited the vehicle. During the pat-down, Patterson felt a hard object in Defendant's right front pocket, which he thought might be either a cell phone or a weapon, and what he thought was probably a plastic bag. Patterson asked what was in Defendant's pocket and Defendant told him it was a cell phone. Patterson drew his taser and asked Defendant to remove the cell phone.

Defendant removed his cell phone but, according to Patterson, kept digging in his pocket. Patterson testified he was still concerned Defendant might have a weapon, although he admitted knowing of no hard objects in Defendant's pocket other than the cell phone. He ordered Defendant to turn his pocket inside out. In emptying his pocket, Defendant removed a baggie, which had a

---

[2]As discussed later, there is some dispute as to the credibility of Patterson's testimony on this point.

2

green plant material that Patterson suspected was marijuana.

Patterson ordered Defendant to the ground, but Defendant instead turned and headed toward traffic and his vehicle. Patterson used his taser on Defendant, causing Defendant to fall into the right hand lane of the highway, where a tractor trailer passed within inches of Defendant's head and upper body. Patterson ordered Defendant to get up and move to the side of the highway. Defendant reached for his license and the baggie, which had fallen on the road, and Patterson tased him again, causing Defendant to fall toward his vehicle. Patterson then ordered Defendant to roll to the back of the vehicle. Defendant attempted to stand, moving as though he was trying to flee. Patterson ordered Defendant to get on the ground and tased him again. Defendant fell face first on the ground, attempted to get up again, despite Patterson's commands to stay on the ground, and Patterson tased Defendant again.

Officer Ratcliff ("Ratcliff") had arrived during this encounter and attempted to handcuff Defendant. Although Defendant initially complied, he pulled away and Patterson tased him for the last time. Once Defendant was handcuffed, Ratcliff moved him out of the roadway and into the emergency lane. At that point, Patterson determined Defendant did not have a weapon. Ratcliff searched Defendant's vehicle and found a kilogram of cocaine in the front center console. Other than the small amount in the baggie on Defendant, no marijuana was found.

## II.     STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Judge Lee concluded the stop of Defendant was constitutionally valid. She determined Defendant was detained beyond the scope of the initial stop for speeding when Patterson returned to Defendant's vehicle after calling BLOC. Judge Lee found the odor of marijuana Patterson detected when he leaned in the car and Defendant's criminal history generated reasonable suspicion, justifying further detention, which was reasonable in scope and length, given the totality of the circumstances. Judge Lee also determined the pat-down of Defendant was constitutional and Patterson was reasonable in requiring Defendant to empty his pockets. Since Patterson did not testify he recognized the plastic bag in Defendant's pocket as contraband before he saw the bag containing marijuana, Judge Lee found Patterson did not detect contraband during the patdown. Judge Lee then determined the search of Defendant's vehicle was valid based on either probable cause to search an automobile or as a search incident to arrest. Finally, Judge Lee concluded Defendant's statements following his arrest were in response to custodial interrogation and should be suppressed.

Defendant objects to Judge Lee's conclusion Patterson's testimony regarding the odor of marijuana was credible, the statement suggesting Defendant lied about his criminal history, the finding of reasonableness for the pat-down search, and the determination the search of the vehicle was proper.

### A. Marijuana Odor

Defendant contends Patterson's testimony as to whether he smelled marijuana in Defendant's vehicle is not credible. At the hearing held before Judge Lee, Patterson testified he detected the odor of raw marijuana. However, at an earlier state court proceeding, Patterson apparently testified under

4

oath he smelled burnt marijuana. Patterson explained the inconsistency by saying his arrest affidavit indicated the marijuana was raw and, since it was completed shortly after the event, it was more accurate than his state court testimony. However, the affidavit does not characterize the odor as burnt or raw. Judge Lee noted this inconsistency was "troubling," but determined the discrepancies in the character of the odor did not discredit his testimony, since Patterson continually testified he smelled marijuana. The Court agrees with Judge Lee's analysis. The crucial point is whether Patterson smelled marijuana, not whether the marijuana had been burned or not, and Patterson testified consistently on that point. Furthermore, nothing in the record contradicts his statement that he smelled marijuana. Therefore, the Court determines Patterson's testimony that he detected the odor of marijuana is credible.

      **B.**      **Defendant's Criminal History**

Defendant objects to the R&R statement "he falsely reported [his criminal history] to Patterson as only including a DUI charge" (Court File No. 17, p. 23). Defendant contends he did not intentionally misrepresent or omit any part of his criminal history, but was instead given insufficient time to fully respond to Patterson's question. While this may be true, Judge Lee's R&R makes this statement in the context of assessing whether Patterson had reasonable suspicion of criminal activity. Since reasonable suspicion allows an officer to draw inferences from the facts, *Terry v. Ohio*, 392 U.S. 1, 27 (1968), an officer could naturally conclude an individual who reports only one arrest out of several is attempting to conceal or downplay his criminal history. Judge Lee properly took into account a reasonable inference from Defendant's incomplete account of his criminal history.

      **C.**      **Pat-down Search**

Defendant objects to the pat-down of Defendant, including the order for Defendant to empty his pockets, which revealed the small bag of marijuana. A pat-down search for weapons is permitted where an officer "reasonably believes or suspects" the defendant is armed. *Ybarra v. Illinios*, 444 U.S. 85, 93 (1979). Items the officer has a "reasonable expectation . . . could be some type of weapon" may be seized. *United States v. Strahan*, 984 F.2d 155, 158 (6th Cir. 1993). However, the search must be confined to weapons, not general evidence. *Id.* Nonetheless, during a pat-down, an officer may seize an "object whose contour or mass" makes its identity as contraband "immediately apparent," under the plain feel doctrine. *Minnesota v. Dickerson*, 508 U.S. 366, 375-76 (1993).

Judge Lee correctly concluded Patterson reasonably believed Defendant may have been armed. Patterson observed Defendant's hand near a pocket in the door that was large enough to conceal a weapon and knew Defendant's criminal history included arrests for fleeing, assault, and drug charges. In addition, Patterson testified Defendant acted nervous and his eyes were bloodshot. Based on these facts, a reasonable officer could conclude Defendant was armed and Patterson was justified in patting down Defendant. According to Patterson, he was unsure whether the hard object in Defendant's pocket was a weapon and, thus, he was justified in ordering Defendant to remove it.

It is unclear whether Patterson exceeded the scope of the limited search for weapons in ordering Defendant to empty his pocket when Defendant kept digging in it, since Patterson did not feel any hard objects other than the cell phone. However, the bag of marijuana would have inevitably been seized during Defendant's arrest once the search of the vehicle revealed the cocaine. *See United States v. Garcia*, 496 F.3d 495, 505 (6th Cir. 2007) (explaining the inevitable discovery doctrine). Therefore, it is unnecessary for the Court to resolve whether the initial search revealing the marijuana was valid. Judge Lee correctly concluded the marijuana should not be suppressed.

6

### D. Vehicle Search

Defendant objects to the finding of probable cause for the search of Defendant's vehicle. Police may search an automobile if they have probable cause to believe it contains evidence of a crime. *United States v. Ross*, 456 U.S. 798, 809 (1982); *United States v. Perez*, 440 F.3d 363, 374 (6th Cir. 2006). The odor of marijuana establishes probable cause to search a vehicle under Sixth Circuit precedent. *United States v. Foster*, 376 F.3d 577, 588 (6th Cir. 2006); *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993). As the Court determined above, Patterson's testimony regarding his detection of marijuana in the vehicle was credible. Since Patterson smelled the odor of marijuana coming from Defendant's vehicle, he had probable cause to search the automobile without a warrant.

### IV. CONCLUSION

For the reasons stated above, the Court will **ACCEPT** and **ADOPT** Judge Lee's Report and Recommendation. Defendant's motion to suppress will be **GRANTED IN PART** as to the statements made by Defendant and **DENIED IN PART** as to the evidence seized pursuant to the pat-down of Defendant and search of the vehicle.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**